# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1419

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Maher Khatib, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 7, 2001

Filed: August 17, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

The district court* committed Maher Khatib to the Attorney General's custody under 18 U.S.C. § 4246(d), finding clear and convincing evidence that due to a mental disease or defect, Khatib posed a substantial risk of bodily injury to another or serious damage to the property of another if released, and no suitable state placement was available. Khatib appeals, challenging the sufficiency of the evidence and the district

_____

* The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

court's application of § 4246(d). Having reviewed the record, we conclude the district court's findings are not clearly erroneous. See United States v. S.A., 129 F.3d 995, 1000 (8th Cir. 1997).

Khatib concedes he has schizoaffective disorder (a mental disease that includes disturbances of both thought and mood) and does not dispute either his dangerousness or the lack of available state placement; thus his challenge is limited to whether he presents a risk of dangerous behavior because of his mental disease. See id. Despite Khatib's numerous criticisms, we cannot conclude the district court erroneously credited the testimony of Khatib's treating psychiatrist that Khatib's risk of dangerous behavior was the result of the combination of schizoaffective disorder and antisocial personality disorder (a character disorder marked by pervasive disregard for and violation of the rights of others). Although the opposing expert disagreed, the expert's opinion was based solely on a review of Khatib's records rather than an evaluation of Khatib himself because Khatib refused to cooperate. See, e.g., United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994) (finding evidence sufficient to commit prisoner despite differences in expert opinions).

We reject Khatib's assertion that differences in two risk assessment reports completed at the Federal Medical Center in Springfield, Missouri, are inherently contradictory. Although the initial report concluded there was insufficient evidence of overt violence to find Khatib dangerous, the second report reflected additional information gained through frustrated discharge planning efforts; thus the second report was not inconsistent in concluding Khatib posed a risk of dangerous behavior because of his grandiose, unrealistic thinking. Besides, overt acts of violence are not required to prove dangerousness. Id. In addition, the second report clearly explains that Khatib's distorted thinking provides the link between his mental illness and his risk of dangerous behavior, thus Khatib's contention there was no evidence of this connection is without merit. Finally, we conclude the expert testimony that Khatib's risk of dangerous behavior is the result of both schizoaffective disorder and antisocial

personality disorder satisfies the plain language of § 4246(d).  See S.A., 129 F.3d at 1001;  United States v. Evanoff, 10 F.3d 559, 562 (8th Cir. 1993).

Finding no error, we thus affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.